

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| ROBEY HAIRSTON, | ) Case No. EDCV 10-00603-RGK (MLG) |
|---|---|
| Petitioner, | ) MEMORANDUM AND ORDER DISMISSING |
| v. | ) PETITION FOR WRIT OF HABEAS |
| P.D. STOREY, | ) CORPUS |
| Respondent. | ) |

    Robey Hairston, who is currently imprisoned at the Chino State Prison, filed a pro se petition for writ of habeas corpus on April 23, 2010. A reading of the petition revealed that Hairston was found guilty of a parole violation on February 16, 2010, and sentenced to 7 months imprisonment on March 16, 2010. Hairston alleged that the "respondent", who may be a parole officer, illegally stole two checks that Hairston had received.

    On April 28, 2010, Magistrate Judge Marc L. Goldman ordered that the petition be dismissed with leave to file a first amended civil rights complaint because the relief sought was not available under 28 U.S.C. § 2254, and because Plaintiff had not named the appropriate

defendants and had not submitted an application to proceed without pre-payment of filing fees and the appropriate supporting documents.

On May 7, 2010, Hairston lodged a "First Amended Complaint" which did not name any Defendants and was not accompanied by the requisite supporting documents. Moreover, the allegations in the complaint were incomprehensible. On May 12, 2010, Magistrate Judge Goldman ordered the proposed amended complaint stricken and directed Hairston to file a second amended complaint no later June 13, 2010. Plaintiff did not file a proposed amended complaint in the time allowed.

This action shall be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *Ferdik*, 963 F.2d at 1260-1261. *See also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Hairston's failure to comply with the

court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Respondent.

Balancing all of these factors, dismissal of this petition for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: July 1, 2010

R. Gary Klausner
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge